UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZURU (SINGAPORE) PTE., LTD;<br>ZURU LLC<br>ZURU INC.,<br><br>    Plaintiffs,<br><br>   v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED<br>LIABILITY COMPANIES, PARTNERSHIPS, AND<br>UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED ON SCHEDULE A HERETO,<br><br>    Defendants. | Case No.: |

Plaintiffs ZURU Inc., ZURU LLC and ZURU (Singapore) PTE., Ltd. (collectively "Plaintiffs"), hereby allege as follows against the individuals, corporations, limited liability companies, partnerships, and unincorporated associations and foreign entities identified on **Schedule A** attached hereto (collectively, "Defendants"):

## INTRODUCTION

1. This action has been filed by Plaintiffs to combat online counterfeiters who trade upon Plaintiffs' reputation and goodwill by selling and/or offering for sale products in connection with both the BUNCH O BALLOONS trademark, which is covered by U.S. Trademark Registration No. 4709630, and the BUNCHO trademark, which is covered by U.S. Trademark Registration 60860134 (together, the "BUNCH O BALLOONS Trademarks"); and copyrights, which are covered by U.S. Copyright Office Registration No. VA 1-935-444. The registrations are valid, subsisting, and in full force and effect. True and correct copies of the federal trademark registration certificates for the BUNCH O BALLOON Trademarks, as well as a print out from the USPTO website evidencing ZURU Singapore PTE., LTD as the owner of the

BUNCH O BALLOONS trademark are attached hereto as **Exhibit 1**. A true and correct copy of the federal copyright registration certificate for No. VA 1-935-444, for which Plaintiffs ZURU LLC and ZURU Inc. own all copyrights as the exclusive licensee of Tinnus Enterprises, LLC is attached hereto as **Exhibit 2**.

2. The Defendants create numerous fully interactive commercial internet stores operating under the Defendant Domain Names and/or the Online Marketplace Accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"). The Defendants design the Defendant Internet Stores to appear to be selling genuine Plaintiff products, while selling inferior imitations of Plaintiffs' products. The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the counterfeit products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal counterfeiting operation. Plaintiffs are forced to file this action to combat Defendants' counterfeiting of Plaintiffs' registered trademark and copyrights, as well as to protect unknowing consumers from purchasing unauthorized BUNCH O BALLOONS products over the Internet. Plaintiffs have been and continue to be irreparably damaged through consumer confusion, dilution, and tarnishment of their valuable trademark and copyrights as a result of Defendants' actions and seek injunctive and monetary relief.

3. This Court has personal jurisdiction over each Defendant, in that each Defendant conducts significant business in New York and in this Judicial District, and the acts and events giving rise to this lawsuit of which each Defendant stands accused were undertaken in New York and in this Judicial District. In addition, each Defendant has offered to sell and ship infringing products into this Judicial District.

**JURISDICTION AND VENUE**

4. This Court has original subject matter jurisdiction over the trademark infringement and false designation of origin claims in this action pursuant to the provisions of

the Lanham Act, 15 U.S.C. § 1051 et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331. This Court has original subject matter jurisdiction over the copyright claim pursuant to the Copyright Laws of the United States, 17 U.S.C. § 101 et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

5. This Court has jurisdiction over the unfair deceptive trade practices claims in this action that arise under the laws of the State of New York pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants, because each of the Defendants directly targets consumers in the United States, including New York, through at least Defendant Internet Stores. Specifically, Defendants are reaching out to do business with New York residents by operating one or more commercial, interactive Internet Stores through which New York residents can purchase products bearing counterfeit versions of either one or both of Plaintiffs' trademarks. Each of the Defendants has targeted sales from New York residents by operating online stores that offer shipping to the United States, including New York, accept payment in U.S. dollars, and, on information and belief, has sold products bearing counterfeit versions of either one or both of Plaintiffs' federally registered trademarks to residents of New York. Each of the Defendants is committing tortious acts in New York, is engaging in interstate commerce, and has wrongfully caused Plaintiffs substantial injury in the State of New York. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a) because Defendants have committed acts of copyright infringement in this judicial district, do substantial business in the judicial district, have registered agents in this judicial district, and reside or may be found in this district.

**THE PARTIES**

7. Plaintiff ZURU (Singapore) PTE., Ltd. is a Singapore entity and is the registered owner of the BUNCH O BALLOONS Trademarks referred to above and with their federal registrations attached as **Exhibit 1.**

8. Plaintiff ZURU LLC is a limited liability company organized under the laws of Oregon with offices in El Segundo, California.

9. Plaintiff, ZURU Inc. is a corporation incorporated under the law of the British Virgin Islands and a Hong Kong registered company with offices in Kowloon, Hong Kong. Plaintiff Zuru Inc. has received an exclusive license and grant of all rights in this action for the BUNCH O BALLOON Trademarks from ZURU (Singapore) PTE, Ltd.

10. Defendants are individuals and business entities who, upon information and belief, reside mainly in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within New York and in this Judicial District, through the operation of the fully interactive commercial websites and online marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United States, including New York, and has offered to sell and, on information and belief, has sold and continues to sell counterfeit BUNCH O BALLOON products to consumers within the United States, including New York and in this Judicial District.

## PLAINTIFFS' INTELLECTUAL PROPERTY AND PRODUCTS

11. Plaintiffs ZURU (Singapore) PTE., Ltd., ZURU LLC and ZURU Inc. are members of the ZURU Group of companies, which has grown into a diversified global enterprise (collectively "ZURU"). ZURU has earned an international reputation for quality, reliability and value and is credited for many breakthroughs that have occurred in the toy industry. ZURU is an exclusive licensee and official source of BUNCH O BALLOONS products in the United States, which include the following:



*see https://www.bunchoballoons.com/products/ (Please note: the above images are from prior iterations of Plaintiffs' website and may not be current).*

12. Since August 2014, the BUNCH O BALLOONS mark is and has been the subject of substantial and continuous marketing and promotion by Plaintiffs. Plaintiffs have and continue to widely market and promote the BUNCH O BALLOONS mark in the industry and to consumers. Plaintiffs' promotional efforts include — by way of example but not limitation — substantial print media, the BUNCH O BALLOONS website and social media sites, and point of sale materials. The BUNCHO mark similarly has been the subject of substantial marketing by the Plaintiffs including by way of the same promotional efforts.

13. Both of the BUNCH O BALLOONS Trademarks are distinctive and identify the merchandise as goods from Plaintiffs. The registrations for the BUNCH O BALLOONS Trademarks constitute prima facie evidence of their validity and of Plaintiffs' exclusive right to use those trademarks pursuant to 15 U.S.C. § 1057(b).

14. The BUNCH O BALLOONS trademark qualifies as a famous mark, as that term is used in 15 U.S.C. §1125 (c)(1), and has been continuously used and never abandoned.

15. Plaintiffs have expended substantial time, money, and other resources in developing, advertising and otherwise promoting the BUNCH O BALLOONS Trademarks. As a result, products bearing either or both of the BUNCH O BALLOONS Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being products sourced from Plaintiffs.

16. Plaintiffs ZURU LLC and ZURU Inc. own all exclusive rights, including without limitation the rights to reproduce the copyrighted work in copies, to prepare derivative works based upon the copyrighted work, and to distribute copies of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending, in various copyrights for the BUNCH O BALLOONS products as the exclusive licensee of Tinnus Enterprises, including without limitation copyrights covered by U.S. Copyright Office Registration No. VA 1-935-444, as follows:



## THE DEFENDANTS' UNLAWFUL CONDUCT

17.     The success of the BUNCH O BALLOONS brand has resulted in its counterfeiting. Plaintiffs have identified numerous domain names linked to fully interactive websites and marketplace listings on platforms such Amazon which are and were offering for sale, selling, and importing counterfeit BUNCH O BALLOONS products to consumers in this Judicial District and throughout the United States. Defendants have persisted in creating the Defendant Internet Stores. Internet websites like the Defendant Internet Stores are estimated to receive tens of millions of visits per year and to generate over $135 billion in annual online sales. According to an intellectual property rights seizures statistics report issued by the United States Department of Homeland Security, the manufacturer's suggested retail price ("MSRP") of goods seized by the U.S. government in fiscal year 2017 was over $1.2 billion. Internet websites like the Defendant Internet Stores are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year.

18.     On personal knowledge and belief, Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine BUNCH O BALLOONS products. Many

of the Defendant Internet Stores look sophisticated and accept payment in U.S. dollars via credit cards, Western Union, and PayPal. Defendant Internet Stores often include images and design elements that make it very difficult for consumers to distinguish such counterfeit sites from an authorized website. Defendants further perpetuate the illusion of legitimacy by offering "live 24/7" customer service and using indicia of authenticity and security that consumers have come to associate with authorized retailers, including the McAfee® Security, VeriSign®, Visa®, MasterCard®, and PayPal® logos.

19. Plaintiffs have not licensed or authorized Defendants to use the BUNCH O BALLOONS Trademarks or copyrights, and none of the Defendants are authorized retailers of genuine BUNCH O BALLOONS products.

20. On personal knowledge and belief, Defendants also deceive unknowing consumers by using the BUNCH O BALLOONS trademarks without authorization within the content, text, and/or meta tags of their websites to attract various search engines crawling the Internet looking for websites relevant to consumer searches for BUNCH O BALLOONS products. Additionally, upon information and belief, Defendants use other unauthorized search engine optimization ("SEO") tactics and social media spamming so that the Defendant Internet Stores listings show up at or near the top of relevant search results and misdirect consumers searching for genuine BUNCH O BALLOONS products. Further, Defendants utilize similar illegitimate SEO tactics to propel new domain names to the top of search results after others are shut down. As such, Plaintiffs also seek to disable Defendant Domain Names owned by Defendants that are the means by which the Defendants could continue to sell counterfeit BUNCH O BALLOONS products into this District.

21. On personal knowledge and belief, Defendants also deceive unknowing consumers by using the BUNCH O BALLOONS copyrights without authorization within the product descriptions of their Defendant Internet Stores to attract customers.

22. On information and belief, Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their

8

massive network of Defendant Internet Stores. For example, it is common practice for counterfeiters to register their domain names with incomplete information, randomly typed letters, or omitted cities or states, as Defendants here have done. And many Defendant Domain Names use privacy services that conceal the owners' identity and contact information. On personal knowledge and belief, Defendants regularly create new websites and Online Marketplace Accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their massive counterfeiting operation, and to avoid being shut down.

23. On personal knowledge and belief, even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores. For example, some of the Defendant websites have virtually identical layouts, even though different aliases were used to register the respective domain names. In addition, the counterfeit BUNCH O BALLOONS products for sale in the Defendant Internet Stores bear similarities and indicia of being related to one another, suggesting that the counterfeit BUNCH O BALLOONS products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated. The Defendant Internet Stores also include other notable common features, including use of the same domain name registration patterns, unique shopping cart platforms, accepted payment methods, check-out methods, meta data, illegitimate SEO tactics, HTML user-defined variables, domain redirection, lack of contact information, identically or similarly priced items and volume sales discounts, similar hosting services, similar name servers, and the use of the same text and images.

24. In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online counterfeiters use a variety of other common tactics to evade enforcement efforts. For example, counterfeiters like Defendants will often register new domain names or Online Marketplace Accounts under new aliases once they receive

notice of a lawsuit.[1] Counterfeiters also often move website hosting to rogue servers located outside the United States once notice of a lawsuit is received. Rogue servers are notorious for ignoring take down demands sent by brand owners.[2] Counterfeiters also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection. A 2012 U.S. Customs and Border Protection report on seizure statistics indicated that the Internet has fueled "explosive growth" in the number of small packages of counterfeit goods shipped through the mail and express carriers.

25. Further, counterfeiters such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of Plaintiffs' enforcement efforts. On personal knowledge and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of PayPal transaction logs from previous similar cases indicates that offshore counterfeiters regularly move funds from U.S.-based PayPal accounts to foreign-based bank accounts outside the jurisdiction of this Court.

26. Defendants, without any authorization or license from Plaintiffs, have knowingly and willfully used and continue to use the BUNCH O BALLOONS Trademarks and copyrights in connection with the advertisement, distribution, offering for sale, and sale of counterfeit BUNCH O BALLOONS products into the United States and New York over the Internet. Each Defendant Internet Store offers shipping to the United States, including New York and, on

---

[1] https://www.ice.gov/news/releases/buyers-beware-ice-hsi-and-cbp-boston-warn-consumers-about-counterfeit-goods-during (noting counterfeiters are adept at "setting up online stores to lure the public into thinking they are purchasing legitimate good on legitimate websites")(last visited April 9, 2021).

[2] While discussed in the context of false pharma supply chains, rogue internet servers and sellers are a well-known tactic that have even been covered in congressional committee hearings.
https://www.govinfo.gov/content/pkg/CHRG-113hhrg88828/html/CHRG-113hhrg88828.htm (last visited April 9, 2021).

information and belief, each Defendant has offered to sell counterfeit BUNCH O BALLOONS products into the United States, including New York.

27. Defendants' use of the BUNCH O BALLOONS Trademarks and copyrights in connection with the advertising, distribution, offering for sale, and sale of counterfeit BUNCH O BALLOONS products, including the sale of counterfeit BUNCH O BALLOONS products into New York, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiffs.

## FIRST CAUSE OF ACTION
### TRADEMARK INFRINGEMENT AND COUNTERFEITING
### (15 U.S.C. § 1114)
### [Against Defendants Designated in Schedule A]

28. Plaintiffs repeat and incorporate by reference herein its allegations contained in paragraphs 1-27 of this Complaint.

29. This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the registered BUNCH O BALLOONS Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The BUNCH O BALLOONS Trademarks are highly distinctive marks. Consumers have come to expect the highest quality from Plaintiffs' products provided under the BUNCH O BALLOONS Trademarks.

30. Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products in connection with either one or both of the BUNCH O BALLOONS Trademarks without Plaintiffs' permission.

31. Plaintiff ZURU (Singapore) PTE., Ltd. is the registered owner of both the BUNCH O BALLOONS Trademarks and Plaintiffs ZURU LLC and ZURU Inc. are exclusive licensees and official sources of BUNCH O BALLOONS products. The United States Registrations for the BUNCH O BALLOONS Trademarks (Exhibit 1) are in full force and

effect. Upon information and belief, Defendants have knowledge of Plaintiffs' rights in the BUNCH O BALLOONS Trademarks and are willfully infringing and intentionally using counterfeits of the BUNCH O BALLOONS Trademarks. Defendants' willful, intentional, and unauthorized use of the BUNCH O BALLOONS Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the counterfeit goods among the general public.

32. Defendants' activities constitute willful trademark infringement and counterfeiting under 15 U.S.C. §§ 1114, 1117.

33. The injuries and damages sustained by Plaintiffs have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of counterfeit BUNCH O BALLOONS products.

34. Plaintiffs have no adequate remedy at law, and, if Defendants' actions are not enjoined, Plaintiffs will continue to suffer irreparable harm to their reputation and the goodwill of their well-known BUNCH O BALLOONS Trademarks.

### SECOND CAUSE OF ACTION
### FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a))
### [Against Defendants Designated in Schedule A]

35. Plaintiffs repeat and incorporate by reference herein its allegations contained in paragraphs 1-27 of this Complaint.

36. Defendants' promotion, marketing, offering for sale, and sale of counterfeit BUNCH O BALLOONS products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiffs or the origin, sponsorship, or approval of Defendants' counterfeit BUNCH O BALLOONS products by Plaintiffs.

37. By using the BUNCH O BALLOONS Trademarks in connection with the sale of counterfeit BUNCH O BALLOONS products, Defendants create a false designation of origin

and a misleading representation of fact as to the origin and sponsorship of the counterfeit BUNCH O BALLOONS products.

38. Defendants' conduct constitutes willful false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the counterfeit BUNCH O BALLOONS products to the general public under 15 U.S.C. §§ 1114, 1125.

39. Plaintiffs have no adequate remedy at law, and, if Defendants' actions are not enjoined, Plaintiffs will continue to suffer irreparable harm to their reputation and the goodwill of their brand.

## THIRD CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 101, et seq.)
### [Against Defendants Designated in Schedule A]

40. Plaintiffs repeat and incorporate by reference herein its allegations contained in paragraphs 1-27 of this Complaint.

41. Plaintiffs ZURU LLC and ZURU Inc. own all exclusive rights, including without limitation the rights to reproduce the copyrighted work in copies, to prepare derivative works based upon the copyrighted work, and to distribute copies of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending, in various copyrights for the BUNCH O BALLOONS products as the exclusive licensee of Tinnus Enterprises, including without limitation copyrights covered by U.S. Copyright Office Registration No. VA 1-935-444.

42. Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products in connection with the BUNCH O BALLOONS copyrights without Plaintiffs' permission.

43. Defendants had access to the BUNCH O BALLOONS products incorporating Plaintiffs' registered copyrights before Defendants created their Defendant Internet Stores.

44. Upon information and belief, Defendants have directly copied Plaintiffs' copyrights for the BUNCH O BALLOONS products. Alternatively, Defendants' representations

of Plaintiffs' copyrights for the BUNCH O BALLOONS products in the Defendant Internet Stores are strikingly similar, or at the very least substantially similar, to Plaintiffs' copyrights for the BUNCH O BALLOONS products and constitute unauthorized copying, reproduction, distribution, creation of a derivative work, and/or public display of Plaintiffs' copyrights for the BUNCH O BALLOONS products. As just one example, Defendants deceive unknowing consumers by using the BUNCH O BALLOONS copyrights without authorization within the product descriptions of their Defendant Online Store to attract customers as follows:



Plaintiffs' U.S. Copyright Office Registration No. VA 1-935-444

Defendant Online Store selling counterfeit Bunch O Balloons

45. Defendants' exploitation of Plaintiffs' copyrights for the BUNCH O BALLOONS products in the Defendant Internet Stores constitutes infringement of Plaintiffs' copyrights for the BUNCH O BALLOONS products.

46. On information and belief, Defendants' infringing acts were willful, deliberate, and committed with prior notice and knowledge of Plaintiffs' copyrights. Each Defendant willfully, wantonly, and in conscious disregard and intentional indifference to the rights of

Plaintiffs made and distributed in the United States, including this District, caused to be made and distributed in the United States, including this District, and aided, abetted, contributed to, and participated in the unauthorized making and distribution of the infringing Defendant Online Stores. Each Defendant either knew, or should have reasonably known, that Plaintiffs' BUNCH O BALLOONS products were protected by copyright and their representations infringed on Plaintiffs' copyrights. Each Defendant continues to infringe upon Plaintiffs' rights in and to the copyrighted work.

47. As a direct and proximate result of their wrongful conduct, Defendants have realized and continue to realize profits and other benefits rightfully belonging to Plaintiffs. Accordingly, Plaintiffs seek an award of damages pursuant to 17 U.S.C. § 504.

48. In addition to Plaintiffs' actual damages, Plaintiffs are entitled to receive the profits made by the Defendants from their wrongful acts, pursuant to 17 U.S.C. § 504(b). Each Defendant should be required to account for all gains, profits, and advantages derived by each Defendant from their acts of infringement.

49. In the alternative, Plaintiffs are entitled to, and may elect to choose statutory damages pursuant to 17 U.S.C. § 504(c), which should be enhanced by 17 U.S.C. § 504(c)(2) because of Defendants' willful copyright infringement.

50. Plaintiffs are entitled to, and may elect to choose, injunctive relief under 17 U.S.C. § 502, enjoining any use or exploitation by Defendants of their infringing work and for an order under 17 U.S.C. § 503 that any of Defendants' infringing products be impounded and destroyed.

51. Plaintiffs seek and is also entitled to recover reasonable attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

52. Plaintiffs have no adequate remedy at law, and, if Defendants' actions are not enjoined, Plaintiffs will continue to suffer irreparable harm to their reputation and the goodwill of their well-known BUNCH O BALLOONS copyrights.

## FOURTH CAUSE OF ACTION
### UNFAIR COMPETITION
### (New York Common Law)
### [Against Defendants Designated in Schedule A]

53. Plaintiffs repeat and incorporate by reference herein its allegations contained in paragraphs 1-27 of this Complaint.

54. Plaintiffs have not licensed or authorized Defendants to use the BUNCH O BALLOONS Trademarks or BUNCH O BALLOONS copyrights, and none of the Defendants are authorized retailers of genuine BUNCH O BALLOONS Products.

55. Defendants knowingly and intentionally trade upon Plaintiffs' reputation and goodwill by selling and/or offering for sale products in connection with Plaintiffs' BUNCH O BALLOONS trademarks and copyrights.

56. Defendants' promotion, marketing, offering for sale, and sale of counterfeit BUNCH O BALLOONS products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the quality, affiliation, connection, or association with Plaintiffs or the origin, sponsorship, or approval of Defendants' counterfeit BUNCH O BALLOONS products by Plaintiffs.

57. Defendants knew, or should have known, that their promotion, marketing, offering for sale, and sale of counterfeit BUNCH O BALLOONS products has caused and will continue to cause confusion, mistake, and deception among purchasers, users, and the public.

58. On information and belief, Defendants' conduct is willful and intentional as Defendants attempt to avoid liability by concealing their identities, using multiple fictitious names and addresses to register and operate their illegal counterfeiting operations and Defendant Internet Stores.

59. Plaintiffs have no adequate remedy at law, and Defendants' conduct has caused Plaintiffs to suffer damage to their reputation and goodwill. Unless enjoined by the Court, Plaintiffs will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants and each of them as follows:

1. That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. using the BUNCH O BALLOONS Trademarks or copyrights or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine BUNCH O BALLOONS product or is not authorized by Plaintiffs to be sold in connection with the BUNCH O BALLOONS Trademarks or copyrights;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine BUNCH O BALLOONS product or any other product produced by Plaintiffs that is not Plaintiffs' or not produced under the authorization, control, or supervision of Plaintiffs and approved by Plaintiffs for sale under the BUNCH O BALLOONS Trademark or copyrights;

   c. committing any acts calculated to cause consumers to believe that Defendants' counterfeit BUNCH O BALLOONS products are those sold under the authorization, control, or supervision of Plaintiffs, or are sponsored by, approved by, or otherwise connected with Plaintiffs;

   d. further infringing the BUNCH O BALLOONS Trademarks or copyrights and damaging Plaintiffs' goodwill;

   e. otherwise competing unfairly with Plaintiffs in any manner;

   f. shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiffs, nor authorized

        by Plaintiffs to be sold or offered for sale, and which bear any Plaintiff trademark or copy any Plaintiff copyright, including the BUNCH O BALLOONS Trademarks or copyrights or any reproductions, counterfeit copies, or colorable imitations thereof;

    g.    using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, the Defendant Domain Names, or any other domain name or Online Marketplace Account that is being used to sell or is the means by which Defendants could continue to sell counterfeit BUNCH O BALLOONS products; and

    h.    operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing either or both of the BUNCH O BALLOONS Trademarks or copyrights or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine BUNCH O BALLOONS product or not authorized by Plaintiffs to be sold in connection with the BUNCH O BALLOONS Trademarks or copyrights.

2.    That Defendants, within fourteen (14) days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon Plaintiffs a written report under oath setting forth in detail the manner and form in which Defendants have complied with paragraph 1 above;

3.    Entry of an Order that, at Plaintiffs' choosing, the registrant of the Defendant Domain Names shall be changed from the current registrant to Plaintiffs, and that the domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, shall unlock and change the registrar of record for the Defendant Domain Names to a registrar of Plaintiffs' selection, and that the domain name registrars take any steps necessary to transfer the

Defendant Domain Names to a registrar of Plaintiffs' selection; or that the same domain name registries shall disable the Defendant Domain Names and make them inactive and untransferable;

4. Entry of an Order that, upon Plaintiffs' request, those in privity with Defendants and those with notice of the injunction, including any online marketplaces such Amazon, social media platforms such as Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant Domain Names, and domain name registrars, shall:

    a. disable and cease providing services for any accounts through which Defendants engage in the sale of counterfeit BUNCH O BALLOONS products using the BUNCH O BALLOONS Trademarks or copyrights, including any accounts associated with the Defendants listed on Schedule A;

    b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit BUNCH O BALLOONS products using the BUNCH O BALLOONS Trademarks or copyrights; and

    c. take all steps necessary to prevent links to the Defendant Domain Names identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Domain Names from any search index.

5. That Defendants account for and pay to Plaintiffs all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the BUNCH O BALLOONS Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117.

6. In the alternative, that Plaintiffs be awarded statutory damages pursuant to 15 U.S.C. § 1117(c) of not less than $1,000 and not more than $2,000,000 for each and every use of the BUNCH O BALLOONS Trademarks and statutory damages of not less than $750 and not

more than $30,000 for each and every infringement of Plaintiffs' copyrights pursuant to 17 U.S.C. § 504(c), which should be enhanced to a sum of not more than $150,000 by 17 U.S.C. § 504(c)(2) because of Defendants' willful copyright infringement;

7. That Plaintiffs be awarded its reasonable attorneys' fees and costs; and

8. Award any and all other relief that this Court deems just and proper.

Dated: July 8, 2021

Respectfully submitted,

COLE SCHOTZ P.C.

By: */s/ Michael R. Yellin*
Michael R. Yellin
1325 Avenue of the Americas
19th Floor
New York, New York 10017
(201) 525-6258
myellin@coleschotz.com

-and-

THOITS LAW
Andrew P. Holland, Esq.
   *Pro Hac Vice Application*
   *Forthcoming*
400 Main Street, Suite 250
Los Altos, CA 94022
(650) 327-4200
aholland@thoits.com

Attorneys for Plaintiffs, ZURU Inc., ZURU LLC and ZURU (Singapore) PTE., Ltd.