# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YROK

| | | |
|---|---|---|
| ZURU (SINGAPORE) PTE., LTD; | ) | |
| ZURU LLC; | ) | |
| ZURU INC., | ) | |
| | ) | Case No.: 1:21-cv-05908 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE INDIVIDUALS, CORPORATIONS, | ) | |
| LIMITED LIABILITY COMPANIES, | ) | |
| PARTNERSHIPS, AND UNINCORPORATED | ) | |
| ASSOCIATIONS IDENTIFIED ON | ) | |
| SCHEDULE A HERETO, | ) | |
| | ) | |
| Defendants. | | |

## [PROPOSED] PRELIMINARY INJUNCTION ORDER

**THIS MATTER** comes before the Court on ZURU (SINGAPORE) PTE., LTD, ZURU

LLC, and ZURU INC.'s (together "Plaintiffs") application, brought by way of Order to Show

Cause, for entry of a Preliminary Injunction (the "Application") against the Defendants identified

on Schedule A to the Complaint (collectively, the "Defendants") and using at least the domain

names identified in Schedule A (the "Defendant Domain Names") and the online marketplace

accounts identified in Schedule A (the "Online Marketplace Accounts"); and

**THE COURT** having reviewed the papers in support of and in opposition to the

Application (if any); and the Court having found that Plaintiffs meet the criteria for entry of

preliminary injunctive relief; and

**THE COURT** having determined that it has personal jurisdiction over the Defendants

because the Defendants directly target their business activities toward consumers in the United

States, including New York, offering to sell and ship products into this Judicial District including,

without limitation, by reaching out to do business with New York residents by operating one or more commercial, interactive Internet Stores through which New York residents can purchase products bearing counterfeit versions of the BUNCH O BALLOON products incorporating either one or both of the BUNCH O BALLOON trademarks, U.S. Trademark Registration No. 4709630, and/or BUNCHO trademark, U.S. Trademark Registration No. 60860134 (together, the "BUNCH O BALLOON Trademarks") and/or the BUNCH O BALLOON copyrights, being at least U.S. Copyright Office Registration Nos. VA 1-935-444; and

THE COURT having determined that the evidence submitted in support of the Application establishes Plaintiffs have a likelihood of success on the merits; that no remedy at law exists; and that Plaintiffs will suffer irreparable harm if the injunction is not granted including, for example:

1. Through the Declarations of Stephen Drysdale and Michael Yellin, and accompanying evidence, Plaintiffs have proved a prima facie case of trademark infringement because (1) the BUNCH O BALLOON Trademarks are distinctive marks and registered with the U.S. Patent and Trademark Office on the Principal Register, (2) Defendants are not licensed or authorized to use either of the BUNCH O BALLOON Trademarks, and (3) Defendants' use of one or both of the BUNCH O BALLOON Trademarks is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Plaintiffs; and

2. Plaintiffs have also proved a prima face case of copyright infringement because Defendants have copied Plaintiffs' copyrights for the BUNCH O BALLOON products without Plaintiffs' consent; and

3. Defendants' continued and unauthorized use of either one or both of the BUNCH O BALLOON Trademarks and copyrights irreparably harms Plaintiffs through

diminished goodwill and brand confidence, damage to Plaintiffs' reputation, loss of exclusivity, and loss of future sales; and

4. Monetary damages fail to address such damage and, therefore, Plaintiffs have an inadequate remedy at law; and

5. The public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions; and

THIS COURT having determined, therefore, that injunctive relief previously granted in the Temporary Restraining Order ("TRO") on July 9, 2021 [Dkt No 12] (and currently in place until July 23, 2021) should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65;

NOW THEREFORE, on this ___20th___ day of July, 2021, this Court ORDERS that:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be preliminarily enjoined and restrained from:

a. Using Plaintiffs' BUNCH O BALLOON Trademarks, copyrights, or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine BUNCH O BALLOON product or not authorized by Plaintiffs to be sold in connection with Plaintiffs' BUNCH O BALLOON Trademarks and/or copyrights;

b. Passing off, inducing, or enabling others to sell or pass off any product as a genuine BUNCH O BALLOON product or any other product produced by Plaintiffs, that is not Plaintiffs or not produced under the authorization, control, or supervision of Plaintiffs and

3

approved by Plaintiffs for sale under either one of both of Plaintiffs' BUNCH O BALLOON Trademarks and/or copyrights;

       c.      Committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiffs, or are sponsored by, approved by, or otherwise connected with Plaintiffs;

       d.      Further infringing either one or both of Plaintiffs' BUNCH O BALLOON Trademarks and/or copyrights and damaging Plaintiffs' goodwill;

       e.      Otherwise competing unfairly with Plaintiffs in any manner;

       f.      Shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiffs, nor authorized by Plaintiffs to be sold or offered for sale, and which bear any of Plaintiffs' BUNCH O BALLOON Trademarks and/or copyrights or any reproductions, counterfeit copies, or colorable imitations thereof;

       g.      Using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, the Defendant Domain Names, or any other domain name or online marketplace account that is being used to sell or is the means by which Defendants could continue to sell counterfeit BUNCH O BALLOON products; and

       h.      Operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing either one or both of Plaintiffs' BUNCH O BALLOON Trademarks and/or copyrights or any reproductions, counterfeit copies, or colorable imitations thereof that is not a genuine BUNCH O BALLOON product or not

63030/0001-41175243v2

authorized by Plaintiffs to be sold in connection with either one or both of Plaintiffs' BUNCH O BALLOON Trademarks and/or copyrights.

2.      Each Defendant, within fourteen (14) days after receiving notice of this Order, shall serve upon Plaintiffs a written report under oath providing:  (a) their true name and physical address, (b) all websites and online marketplace accounts on any platform that they own and/or operate (c) their financial accounts, including but not limited to all Amazon, PayPal and/or Payoneer accounts, and (d) the steps taken by each Defendant to comply with paragraph 1, a through h, above.

3.      The domain name registries for the Defendant Domain Names, including, but not Limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, within three (3) business days of receipt of this Order or prior to expiration of this Order, whichever date shall occur first, shall, at Plaintiffs' choosing:

        a.      unlock and change the registrar of record for the Defendant Domain Names to a registrar of Plaintiffs' selection until further ordered by this Court, and the domain name registrars shall take any steps necessary to transfer the Defendant Domain Names to a registrar of Plaintiffs' selection until further ordered by this Court; or

        b.      disable the Defendant Domain Names and make them inactive and untransferable until further ordered by this Court.

4.      Those in privity with Defendants and with actual notice of this Order, including any online marketplaces such as Amazon, social media platforms such as Facebook, YouTube, Linkedin, Twitter, Internet search engines such as Google, Bing, and Yahoo, web hosts for the Defendant Domain Names, and domain name registrars, shall within three (3) business days of receipt of this Order:

a.      disable and cease providing services for any accounts through which Defendants engage in the sale of counterfeit and infringing goods using either one or both of the BUNCH O BALLOON Trademarks and/or copyrights, including any accounts associated with the Defendants listed on Schedule A;

b.      disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using either one or both of the BUNCH O BALLOON Trademarks and/or copyrights; and

c.      take all steps necessary to prevent links to the Defendant Domain Names identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Domain Names from any search index.

5.      Defendants and any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' websites at the Defendant Domain Names or other websites operated by Defendants, including, without limitation, any online marketplace platforms such as Amazon, Internet Service Providers ("ISP"), web hosts, back-end service providers, web designers, sponsored search engine or ad-word providers, banks, merchant account providers, including Amazon, Payoneer and PayPal, third party processors and other payment processing service providers, shippers, and domain name registrars (collectively, the "**Third Party Providers**") shall, within five (5) business days after receipt of such notice, provide to Plaintiffs expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

a.      The identities and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information;

b.      The nature of Defendants' operations and all associated sales and financial information, including, without limitation, identifying information associated with the Online Marketplace Accounts, the Defendant Domain Names, and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Online Marketplace Accounts and Defendant Domain Names;

c.      Defendants' websites and/or any Online Marketplace Accounts;

d.      The Defendant Domain Names or any domain name registered by Defendants; and

e.      Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon, PayPal, Payoneer or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

6.      Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

7.      Western Union shall, within five (5) business days of receipt of this Order, block any Western Union money transfers and funds from being received by the Defendants identified in Schedule A until further ordered by this Court.

8.      Amazon Payments Inc. ("Amazon"), shall, within five (5) business days of receipt of this Order, for any Defendant or any of Defendants' Online Marketplace Accounts or websites:

a.      Locate all accounts and funds connected to and related to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any PayPal accounts connected to and related to the information listed in Schedule A to the Complaint; and

b.      Restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

9.      Any banks, savings and loan associations, payment processors, or other financial institutions, including but not limited to Payoneer and PayPal for any Defendant or any of Defendants' Online Marketplace Accounts or websites, shall within five (5) business days of receipt of this Order:

a.      Locate all accounts and funds connected to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any accounts connected to the information listed in Schedule A to the Complaint; and

b.      Restrain and enjoin such accounts from receiving, transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

10.     Plaintiffs may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing and service of process pursuant to Fed.R.Civ.P. 4(f)(3), by electronically publishing a link to the Complaint, this Order and other relevant documents on a website to which the Defendant Domain Names which are transferred to Plaintiffs' control will redirect, or by sending an e-mail to all e-mail addresses identified by Plaintiffs and any e-mail addresses provided for Defendants by third parties that includes a link to said website. The Clerk of Court is directed to issue a single original summons in the name of "THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND

UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO" that shall apply to all Defendants.  The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from domain name registrars and payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

11.     Plaintiffs' Schedule A to the Complaint and Exhibit 2 to the Declaration of Stephen Drysdale shall become unsealed.

12.     Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two days' notice to Plaintiffs or on shorter notice as set by this Court.

13.     The five thousand dollars ($5,000.00) bond posted by Plaintiffs shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

_____

Honorable Edgardo Ramos, U.S.D.J.

Dated:  _July 20, 2021_____

9